IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON E. DUNLAP,<br><br>Defendant. | No. CR 10-00400 WHA<br><br>**ORDER GRANTING STAY** |

### INTRODUCTION

Defendant, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 based on the Supreme Court's decision in *Johnson v. United States*, 576 U.S.___, 135 S. Ct. 2551 (2015). The government moves to stay proceedings pending resolution by the Supreme Court of the applicability of *Johnson* to the residual clause of Section 4B1.2 of the United States Sentencing Guidelines. For the reasons discussed herein, the motion to stay is **GRANTED**.

### STATEMENT

On October 18, 2010, the Court entered a judgment convicting defendant of one count of bank robbery, four counts of armed bank robbery, and one count of interstate transportation of a stolen vehicle. The presentence report calculated a guidelines range of 188 to 235 months after applying an enhancement under Section 4B1.2 of the United States Sentencing Guidelines (PSR ¶ 74). The Court sentenced defendant to 188 months imprisonment.

On May 13, 2016, defendant filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. 2255 (Dkt. No. 25). On June 29, 2016, the government moved to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles v. United States*, S. Ct. Case No. 15-8544.

**ANALYSIS**

In *Johnson,* the Supreme Court concluded that the residual clause of the Armed Career Criminal Act, 18 U.S.C. 924(e)(2)(B), was unconstitutionally vague and that "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015).

Defendant challenges as unconstitutional the "residual clause" of U.S.S.G Section 4B1.2(a), which is set forth below in italics:

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*.

Defendant contends that the residual clause is unconstitutional in light of the Supreme Court's conclusion in *Johnson.* Defendant further asserts that defendant's 100-month sentence was imposed under the residual clause of U.S.S.G Section 4B1.2(a), and that, therefore, the sentence "was imposed in violation of the Constitution" (Mtn. at 14).

The government moves to stay all proceedings in light of the Supreme Court's grant of certiorari in *Beckles* regarding the application of *Johnson* to the residual clause in U.S.S.G. § 4B1.2(a)(2). Specifically, the Supreme Court has granted certiorari to determine: (1) "[w]hether Johnson applies retroactively to collateral cases challenging federal sentences enhanced under the residual clause in U.S.S.G. § 4B1.2(a)(2); (2) "[w]hether Johnson's constitutional holding applies to the residual clause in U.S.S.G. § 4B1.2(a)(2), thereby rendering challenges to sentences enhanced under it cognizable on collateral review"; and (3) [w]hether mere possession of a sawed-off shotgun, an offense listed as a "crime of violence"

only in the commentary to U.S.S.G. § 4B1.2, remains a "crime of violence" after Johnson." *See Beckles*, S. Ct. Case No. 15-8544.

Section 2255 currently bars the Court from granting the motion because it was made more than one year after the date on which the judgment of conviction became final. The only possible exception would be 28 U.S.C. 2255(f)(3), which allows a defendant to bring a Section 2255 motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." However, the issue of whether a defendant may bring a collateral challenge to sentences imposed under the residual clause of U.S.S.G. § 4B1.2 is currently before the Supreme Court in *Beckles*. As such, the Supreme Court has not yet recognized such a right. *See United States v. Willis*, 795 F.3d 986, 996 (9th Cir. 2015) (noting that it is an "open question" whether the residual clause of U.S.S.G 4B1.2(a) remains valid in light of *Johnson*); *see also United States v. White*, CR 11–0366 (N.D. Cal. July 8, 2016) (Judge Maxine M. Chesney). This order therefore **GRANTS** the government's motion to stay.

### CONCLUSION

For the reasons stated herein, the government's motion to stay is **GRANTED**. No later than 30 days after the Supreme Court issues a decision in *Beckles*, the government shall file its opposition or other response to defendant's Section 2255 motion.

**IT IS SO ORDERED.**

Dated: July 15, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3